Alex Mintz
American Friends Service Committee
570 Broad St., Ste. 1001
Newark, NJ 07102
*Pro Bono Counsel for Petitioner*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARUNA KOOLY ZAKARIA, *Petitioner*, <br><br> v. <br><br> LUIS SOTO, in his official capacity as Warden of Delaney Hall Detention Facility; <br><br> TODD LYONS, in his official capacity as Acting Director of the Immigration and Customs Enforcement; <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; <br><br> TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; <br><br> *Respondents*. | **Case No. 26-5730** <br><br><br><br> **ORDER, FINDINGS OF FACT, AND CONCLUSIONS OF LAW** |

THIS MATTER is before the Court on Petitioner's Motion to Seal the Exhibit to Petitioner's letter filed on May 22, 2026 (ECF No. 9) at ECF No. 10; and the Court having considered the submissions of the parties; and the Court having made the following findings of fact and conclusions of law pursuant to Local Civil Rule 5.3(c); and for good cause having been shown:

1.    On May 19, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the legality of his detention by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1.

2.    On May 20, 2026, the Court ordered Respondents to file a letter on or before May 21 at 11:00 a.m., requiring them to show cause why Petitioner should not be released due to the nature of Petitioner's medical conditions. ECF No. 3.

3.    Respondents and Petitioner filed letters pursuant to the Court's orders on May 21, 2026, and May 22, 2021. ECF Nos. 5, 6, 8, 9. Petitioner separately filed Petitioner's medical records as an Exhibit to the letter at ECF No. 9. *See* ECF No. 10.

4.    Petitioner seeks to seal the Exhibit to Petitioner's letter filed on May 22, 2026 (ECF No. 10) in its entirety.

5.    It is well settled that "a common law right of access attaches 'to judicial proceedings and records.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183,

1

192 (3d Cir. 2001)). However, "the common law right of access is 'not absolute'" and the presumption of public access may be rebutted where the party seeking to seal records demonstrates "'that the interest in secrecy outweighs the presumption.'" *Id.* (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

6.      Local Civil Rule 5.3(c)(3) requires a party seeking to permanently seal materials filed with the court to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

7.      The medical records (ECF No. 10) consist primarily of Petitioner's sensitive medical information.

8.      Petitioner seeks to permanently seal the medical records (ECF No. 10) to avoid public disclosure of this sensitive personal medical information.

9.      Respondents consent to permanently sealing the medical records at ECF No. 10 in their entirety.

10.     After reviewing the documents sought to be sealed, this Court agrees that these records should be permanently sealed. The Court finds that the disclosure of the medical records (ECF No. 10) to the public, via publication on the Court's docket, is unnecessary and would disclose sensitive personal medical information, thereby injuring Petitioner's interests.

11.     There is no "less restrictive" alternative to sealing this sensitive and personal information. The medical records (ECF No. 10) cannot be reasonably redacted as they consist primarily of Petitioner's sensitive medical information. Further, the unsealed materials available on the docket provide sufficient information for the public to understand the legal issues, factual circumstances, and issues of dispute between the parties.

12.     Maintaining the medical records (ECF No. 10) under permanent seal will not prejudice Respondents because information filed under seal in those documents was made available to Respondents and their counsel in connection with these proceedings.

13.     Accordingly, the Court finds that good cause exists to seal the medical records (ECF No. 10) under the considerations set forth in *Pansy v. Borough of*

*Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and Local Civil Rule 5.3(c). The Court

therefore permits the Clerk of the Court to maintain these records under seal.

_____

HONORABLE CLAIRE C. CECCHI
United States District Judge

Date: \_\_\_6/8/2026_____

4